**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01104-REB

MEEDER ASSET MANAGEMENT, INC., and
MEEDER FINANCIAL, INC.,

      Petitioners,

v.

ICON ADVISERS,INC.,
ICON DISTRIBUTORS, INC., and
ICON MANAGEMENT & RESEARCH CORPORATION,

      Respondents.

## ORDER

**Blackburn, J.**

The matter is before me on the **Motion To Vacate Arbitration Award** [#5][1] filed by petitioners April 26, 2012. After careful review of the motion, response [#15], reply [#16], and surreply [#17], the apposite record, and the applicable law, I conclude that the motion should be granted in part and denied in part.

Following lengthy arbitration proceedings before the Financial Industry Regulatory Authority (FINRA) Panel, a FINRA dispute Resolution Award (Award) was entered by the Panel dated March 27, 2012. The Award contained the following relevant findings:

> 2. [Meeder is] … liable for and shall pay to Claimants nominal damages in the amount of $250,000.00.
>
> 3. [Meeder is] … liable for and shall pay to Claimants nominal damages for tortious interference with business relationships in the amount of

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> $200,000.00.
>
> 4. [Meeder is] … liable for and shall pay to Claimants nominal damages for tortious interference with prospective business relationships in the amount of $50,000.00.
>
> 5. [Meeder is] … liable for and shall pay to Claimants attorneys' fees in the amount of $164,170.00 pursuant to the terms of the Retirement Agreement.
>
> Specifically, petitioners claim and request the following:
>
> The Award must be vacated because the Financial Industry Regulatory Authority ("FINRA") Panel exceeded its powers, acted contrary to the parties' agreement and its own guidelines, and manifestly disregarded the law by awarding (1) "nominal" damages of $250,000 against Meeder on a count never asserted against Meeder, and (2) $164,170 in attorneys' fees pursuant to the terms of the Retirement Agreement, an agreement to which Meeder was not even a party. Indeed, ICON never even asserted a claim for attorneys' fees against Meeder. Therefore, the award of $250,000 in nominal damages on an unasserted claim and the award of $164,170 in attorneys' fees pursuant to the terms of an agreement to which Meeder was not even a party should be vacated.

Motion at 2.

The motion implicates Section 10 of the Federal Arbitration Act (FAA) and 9 U.S.C. § 10, as codified and construed. A federal court should confirm an arbitrator's award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA.  9 U.S.C. § 9.  Any party to the arbitration may apply to vacate the arbitration award where the arbitrators exceeded their powers.  **See id.** § 10. Nevertheless, "the standard of review of arbitral awards is among the narrowest known to law." **Brown v. Coleman Co.**, 220 F.3d 1180, 1182 (10th Cir. 2000), **cert. denied**, 121 S.Ct. 1191 (2001).  "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." **Burlington Northern and Santa Fe Railway Co. v. Public Service**

*Co. of Oklahoma*, 636 F.3d 562, 567 (10th Cir. 2010) (citations and internal quotation marks omitted). However, the award of an arbitration panel may be vacated where the arbitrators exceed their powers. 9 U.S.C. § 10(d). Arbitrators exceed their powers where, *inter alia*, they enter an award on claim never made against a party under an agreement to which the party is not a party. ***Totem Marine Tug & Barge, Inc. V. North American Towing, Inc.***, 607 F.2d 649, 651 (5th Cir. 1979). Thus, arbitrators are restricted to the issues submitted. *Id*.

  Concerning the award of nominal damages of $250,000 without reference to a specific claim submitted for arbitration, I can not say that the Panel exceeded its authority. The award is ambiguous – susceptible to more than one reasonable interpretation. However, one possible interpretation is that the award is a general, undifferentiated award on the claims for tortious interference with existing and prospective business relationships, which general award is then followed by specific awards on each of those claims. If so construed, the award is within the purview of the authority granted by the parties to the Panel. Thus, this award is not subject to vacatur.

  However, I reach a different conclusion concerning the award of attorney fees made pursuant to the terms of the Retirement Agreement. First, the respondents did not request attorney fees from the petitioners based on the Retirement Agreement. Second, the petitioners are not parties to the Retirement Agreement. Third, by its terms, attorney fees were payable only by the parties to the agreement. Fourth, there is absolutely no basis in fact or law for the award. The issue of attorney fees payable by petitioners under the Retirement Agreement was never submitted to the Panel. Accordingly, the

Panel exceeded its authority in making the award, which must be vacated.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Vacate Arbitration Award** [#5] filed April 26, 2012, is denied in part and granted in part:

    A. That the motion is denied insofar as it requests vacatur of the FINRA dispute Resolution Award of nominal damages of $250,000, which award is affirmed; and

    B. That the motion is granted insofar as it requests vacatur of the FINRA dispute Resolution Award of attorney fees of $164,170, which award is vacated; and

2. That judgment shall enter accordingly.

Dated at Denver, Colorado, March 27, 2013.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Although not urged by the petitioners, the award of attorney fees appears subject to correction under 9 U.S.C. § 11(b) (a district court may correct an award "[w]here the arbitrators have awarded upon a matter not submitted to them . . . .")